UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW HAUGAN,<br><br>Plaintiff,<br><br>vs.<br><br>ROSE MEDINA, IN HER INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendant. | 4:19-CV-04177-LLP<br><br><br>1915A SCREENING AND ORDER DIRECTING SERVICE |

Plaintiff, Matthew Haugan, filed a pro se lawsuit under 42 U.S.C. 1983. Doc. 1. This Court granted Haugan leave to proceed in forma pauperis and Haugan timely paid his initial partial filing fee. Doc. 6. Pending before this Court are Haugan's motions for subpoena, Docs. 3 and 7, and his motion to appoint counsel, Doc. 8. This Court will conduct a 28 U.S.C. 1915A screening on Haugan's complaint, Doc. 1.

**FACTUAL BACKGROUND**

Haugan claims he is an individual with autism. Doc. 1-1 at 3. At the time of these alleged occurrences, Medina was a correctional officer at the South Dakota State Penitentiary. Doc. 1. Medina's son allegedly has autism and Haugan claims she told him that she " 'love[s] the way [his brain] works.' " Doc. 1-1 at 3. Haugan claims that Medina "engaged in sexual contact with [him]. Touching [his] groin/penis and allowing [him] to and asking [him] to touch her breasts and groin area." Doc. 1 at 6. Haugan asserts that their sexual relationship lasted 9 months and if he did not comply with Medina's request, she wrote him up, Haugan claims Medina wrote him

up multiple times. Doc. 1-1 at 2. Haugan claims that his "autism and [Medina's] son's autism allowed her to get into [his] brain and make [him] her 'toy' or 'plaything.' " Doc. 1-1 at 3.

Haugan allegedly tried to speak with Medina and she cussed at him, later she came to his cell and allegedly told him"

> [S]he did not want [him] to die because when she was 23 she told her first 2 child[ren's] father she was leaving him and he attempted suicide and he has been in a coma for 6 years. She (now in tears) said 'Matt I don't want you to die, I'm sorry that I wrote that write up, I shouldn't have. I was just mad.'

Doc. 1-1 at 2.

Haugan claims that Medina has been fired and that because of her abuse he has suffered from panic attacks, depression, multiple suicide attempts, has lost his job in the prison due to her multiple write ups, and is in Administrative Segregation. Doc. 1 at 8. He seeks relief through $50,000 in monetary damages. *Id.* at 6. He sues Medina in her individual and official capacity and alleges that she violated his Eighth Amendment rights to be free from cruel and unusual punishment. Id. at 2-3. Haugan claims that he exhausted his administrative remedies. *Id.* at 10.

## LEGAL BACKGROUND

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers*, 755 F.2d at 663. *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

**LEGAL ANALYSIS**

**I.    Official Capacity Claims**

Haugan sues Medina in her individual and official capacity, at the time of the incident, Medina was a correctional officer employed at the South Dakota State Penitentiary. Doc. 1 at 2. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many

deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009).

Here, as part of Haugan's requested remedy, he seeks to recover money damages. Doc. 1 at 6. Consequently, because Haugan has sued the defendant in her official capacity, Haugan has asserted a claim for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity. Thus, to the extent Haugan seeks to hold the defendant liable in her official capacity for money damages, the court finds that the defendant is protected by sovereign immunity and are entitled to judgment as a matter of law.

## II. Individual Capacity Claims

Haugan claims that Medina violated his Eighth Amendment rights. Doc. 1 at 3. "Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A "plaintiff must demonstrate (1) that the conditions were objectively sufficiently serious or caused an objectively serious injury to the plaintiff, and (2) that the defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

In *Freitas v. Ault*, the Eighth Circuit recognized there were circumstances under which a prisoner could state a claim for sexual abuse by a guard under § 1983. 109 F.3d 1335, 1338 (8th Cir. 1997). "[S]uch abuse can, in certain circumstances, constitute the unnecessary and wanton

infliction of pain." *Id.* (internal citations omitted). In *Freitas*, the plaintiff's claim was rejected because the he failed to prove the nature of the relationship was anything other than consensual. *Id.* at 1339. This Court recognized that " '[t]he power disparity between prisoners and prison guards is similar to that of an adult over a child or a teacher over a student.' " *Caskey v. S.D. State Penitentiary*, 2015 U.S. Dist. LEXIS 157145, at *63 (D.S.D. Sept. 29, 2015) (quoting *Wood v. Beauclair*, 692 F.3d 1041, 1047 (9th Cir. 2012) (holding that when a prisoner alleges sexual abuse by a guard, the prisoner is entitled to the presumption the conduct was not consensual.)

Here, Haugan claims he is autistic, and that Medina's used his autism to make him her "play thing." Doc. 1-1 at 3. At the time of the alleged occurrences, Medina was a correctional officer at the prison. Haugan claims that when he told Medina to stop the alleged sexual abuse she wrote him up (on false claims) and he was disciplined by the prison. *Id.* at 2. At this time, taking all facts asserted by Haugan as true, which the Court is required to do at this stage, the Court cannot say that Haugan's complaint is wholly without merit. Thus, Haugan's Eighth Amendment claim against Medina in her individual capacity survives 1915A screening.

### III. Motions to Subpoena

Haugan has filed two motions to subpoena. Docs. 3 and 7. At this time, the defendant has not been served with the complaint and has not had a chance to respond. Thus, Haugan's motions to subpoena are premature and denied.

### IV. Motion to Appoint Counsel

Haugan filed a motion to appoint counsel. Doc. 8. He claims to have reached out to multiple law firms that have denied to represent him. Doc. 10. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d

538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh, 649 F.2d 560, 563 (8th Cir. 1981)*. *"The appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." Nelson, 728 F.2d at 1003.*

*When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. In King v. Patterson*, the Eighth Circuit held that the district court did not err in denying a prisoner's motion for appointment of counsel. 999 F.2d 351, 353 (8th Cir. 1993). In *King*, the plaintiff alleged one incident of excessive force by prisoner personal. *Id.* The Eighth Circuit reasoned that the denial of the plaintiff's motion for appointment of counsel was appropriate "[b]ecause this case was neither factually nor legally, complex, the complaint alleged a single incident of excessive force, and the Court held that King had clearly communicated his concerns and could adequately present the facts of his case to the Court." *Id.*

Factual complexity is not the only factor that a district court considers whether appointment of counsel is appropriate. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing *Maclin v. Freake , 650 F.2d 885, 888 (7th Cir. 1981)*). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson, 788 F.2d at 1322-23.).* In *Johnson*, the Eighth Circuit held that the district court erred when they denied

plaintiff's motion for counsel solely based on the plaintiff's failure to raise factually complex issues. *Johnson*, 788 F.2d at 1322.

Because at this time, Haugan's claims are not legally nor factually complex and because he can clearly and adequately present his facts and claims to this Court his motion to appoint counsel (Doc.8) is denied. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet another to be able to adequately try a case to a jury.

Accordingly, it is ORDERED

1. That Haugan's claim against defendant in her official capacity is dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).
2. That Haugan's Eighth Amendment claim against defendant in her individual capacity survives screening.
3. That Haugan's motions to subpoena, Docs. 3 and 7, and his motion to appoint counsel, Doc.8. are denied.
4. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Haugan so that he may complete and return the forms so that the complaint can be served upon the defendant.
5. That Haugan shall complete and send the Clerk of Courts a separate summons and USM-285 form for the defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

6. That the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order, upon the defendant.

7. That the defendant will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service.

8. That Haugan will keep the clerk of court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by this Court's Local Civil Rules while this case is pending.

Dated this 13th day of April, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST;
MATTHEW W. THELEN, CLERK

_____